**COMMITTEE FOR HAND GUN CONTROL, INC., Plaintiff,**

v.

**CONSUMER PRODUCT SAFETY COMMISSION et al., Defendants.**

**Civ. A. No. 74–1387.**

United States District Court,
District of Columbia.
Dec. 19, 1974.

Jerry S. Cohen, Herbert E. Milstein, Michael D. Hausefeld, Glen DeValerio, Washington, D. C., for plaintiff; Harold E. Kohn, P. A., Philadelphia, Pa., of counsel.

Michael Ryan, Asst. U. S. Atty., Civ. Div., Charles R. McConachie, U. S. Dept. of Justice, Anti-trust Div., Washington, D. C., for defendants.

## MEMORANDUM

FLANNERY, District Judge.

This matter is before the court on cross-motions for summary judgment and opposition thereto. The court has considered the memoranda submitted by counsel and has heard oral argument. The case involves an interpretation of the Federal Hazardous Substances Act, 15 U.S.C. § 1261 et seq., and the Consumer Product Safety Commission's [CPSC] authority and obligations thereunder. The court has jurisdiction under 28 U.S.C. §§ 1331, 1361, and 5 U.S.C. §§ 701–706. *See* Pickus v. United States Bd. of Parole, 507 F.2d 1107 (D.C.Cir. 1974).

The Federal Hazardous Substances Act [FHSA] was enacted July 12, 1960. *See* Pub.L. No. 86–613, 74 Stat. 372. Under the Act a "hazardous substance" means, *inter alia*, "[a]ny substance or mixture of substances which . . . (v) is flammable or combustible, or (vi) generates pressure through decomposition, heat, or other means, if such substance or mixture of substances may cause substantial personal injury or substantial illness during or as a proximate result of any customary or reasonably foreseeable handling or use, including reasonably foreseeable ingestion by children." 15 U.S.C. § 1261(f)(1)(A). The administrator of the Act, originally the Secretary of Health, Education, and Welfare but now the CPSC, has authority to determine by regulation which substances meet the definition of "hazardous substance." *Id.* § 1262. If a substance is determined to be hazardous, the administrator may decide to exempt it from the Act's requirements, may require labeling, or may ban it from interstate commerce. *Id.* §§ 1262(c), 1261(p)–(q). The Act provides that proceedings for issuance, amendment. or repeal of regulations under the Act shall be governed by the procedures set forth in 21 U.S.C. § 371(e)–(g). *Id.* § 1262(a)(2); § 1261(q)(2). In pertinent part 21 U.S.C. § 371(e) provides that:

Any action for the issuance, amendment, or repeal of any regulation . . . shall be begun by a proposal made (A) by the Secretary on his own initiative, or (B) by petition of any interested person, showing reasonable grounds therefor, filed with the Secretary. The Secretary shall publish such proposal and shall afford all interested persons an opportunity to

present their views thereon, orally or in writing.

Shortly after the Federal Hazardous Substances Act was passed, the administrator of the Act, apparently on his own initiative, investigated the question of whether small-arms ammunition was a hazardous substance which should be regulated under the Act. It was determined that such ammunition did constitute a hazardous substance over which the government had jurisdiction. The government determined that all the labeling requirements of 15 U.S.C. § 1261(p) would not have to be complied with but rather required a modified labeling requirement containing the usual name of the ammunition, a warning regarding the danger to children, and the name and place of business of the manufacturer. This regulation is still in effect. *See* 16 C.F.R. § 1500.83(a)(6) (1974). Hence, it is without dispute that small-arms ammunition does constitute a hazardous substance within the Act's definition and that the administrator of the Act has jurisdiction to regulate that hazardous substance.

In the instant case plaintiff is a non-profit corporation with thousands of members. On June 22, 1974, plaintiff petitioned the CPSC for a rule banning the sale, distribution, and manufacture of handgun ammunition under the Federal Hazardous Substances Act.[1] Plaintiff clearly is an "interested person" entitled to seek the issuance, amendment, or repeal of a rule. *See* 15 U.S.C. § 1262(a)(2); 21 U.S.C. § 371(e). Plaintiff's petition in effect seeks an amendment to the previously published rule. It does not question the previous determination that small-arms ammunition constitutes a hazardous substance but merely questions whether the previous labeling requirements provide adequate protection to the public. Thus, in its petition, plaintiff proposes that sale of handgun ammunition be banned except for sales to police, licensed security guards, the military, and licensed pistol clubs. *See* Exhibit A to Complaint. Of course, the CPSC could not order a ban such as is proposed unless it found that the hazard was very great and that no cautionary labeling would adequately protect the public. *See* 15 U.S.C. § 1261(q)(1). The Commission, through its Assistant Secretary Sheldon Butts, responded to plaintiff's petition on July 30, 1974. In this response the Assistant Secretary commented that the petition fell within the CPSC's jurisdiction under the FHSA and noted that regulations already had been issued under the FHSA which set up special labeling requirements for small-arms ammunition. *See* Exhibit D to Complaint. The Commission agreed to consider plaintiff's petition on the merits. *Id.* A hearing date was set to consider plaintiff's petition, which date subsequently was set back to September 30, 1974.

On August 22, 1974 the CPSC requested its Office of General Counsel to prepare a memorandum regarding the propriety of CPSC action on plaintiff's petition. The General Counsel recommended that the CPSC had jurisdiction over handgun ammunition including the jurisdiction to ban non-defective bullets. *See* Exhibit E to Complaint. The General Counsel noted, however, that whether a ban would be necessary would depend upon a factual determination that no combination of labeling requirements adequately would protect the public. *Id.* The CPSC subsequently met in executive session and on September 6, 1974, issued a statement which, in part, concluded:

> Upon consideration of a legal memorandum dated August 28, 1974, and prepared by the Commission's Office of General Counsel, the Commission finds that a hand-gun bullet falls within the literal meaning of the definition of a "hazardous substance" under the FHSA, and as such, all FHSA regulatory remedies are available to the CPSC.

Nevertheless, the Commission does not believe that Congress, in establishing the Commission and in transfer-

---

1. Plaintiff also sought a regulation under the Consumer Product Safety Act, 15 U.S.C. § 2051 et seq., but such relief was denied and is not a part of this case.

ring to it the authority to administer the FHSA, *intended* to confer upon the Commission the authority to ban hand-gun bullets as requested by and for the reasons cited by the petitioner. This belief is based upon a careful review of the provisions of the Federal Hazardous Substances Act and its legislative history. The practical effect of the requested ban on hand-gun bullets, if successful, would be a virtual ban of hand-guns. There is clearly no authority under any act which the Commission administers to regulate hand-guns.

Accordingly, the Commission denies petition HP 75–2. The Secretary will so notify the petitioner. Exhibit F to Complaint. (emphasis in original). After issuance of the above statement plaintiff initiated the instant action on September 20, 1974. Plaintiff's prayer for relief seeks three things: (a) a declaratory judgment that the CPSC has the authority, power, and jurisdiction under the FHSA to declare handgun ammunition a hazardous substance and to ban its manufacture, sale, and distribution in interstate commerce with the exception of use by the military, police, security guards, and gun clubs; (b) an order directing defendants to consider the merits of plaintiff's petition; and (c) an order directing defendant to pay plaintiff's costs and attorney's fees.

█ The court begins first with the question whether the CPSC has the authority, power, and jurisdiction under the FHSA to promulgate the regulation proposed by plaintiff.[2] The CPSC agrees, and indeed admitted at oral hearing, that the CPSC has jurisdiction over handgun ammunition under the FHSA because such ammunition fits the definition of a hazardous substance under the Act. This certainly is borne out since there currently is a regulation in existence which requires particular labeling of small-arms ammunition. *See* 16 C.F.R. § 1500.83(a)(6) (1974). Thus, the CPSC position becomes one of admitting jurisdiction over the particular substance but asserting that a particular statutory remedy sought by plaintiff is not available. The CPSC bases this position "upon a careful review of the provisions of the Federal Hazardous Substances Act and its legislative history." Exhibit F, *supra.* However, there is no language anywhere in the Federal Hazardous Substances Act which indicates that some of the regulatory remedies are unavailable in regulating certain hazardous substances. And defendants have cited absolutely no legislative history of the FHSA which would so indicate. The only legislative history which defendants cite is that to the Consumer Product Safety Act [CPSA] which indicates that Congress decided that guns and ammunition would not be included within the definition of "consumer product" under that Act. Congress was not considering whether ammunition might be considered a "hazardous substance" under the FHSA. There is no indication that those Congressmen to whom defendants refer in their Memorandum were making reference to CPSC jurisdiction under the FHSA.[3] The court concludes that there is no persuasive evidence of Congressional intent regarding the applicability of the FHSA to handgun ammunition and absolutely no evidence that Congress intended to allow regulations including labeling but not including banning.

2. It must be noted that the court has no occasion to consider whether the facts which might be presented at a hearing would warrant the CPSC's promulgating a regulation similar to that urged by plaintiff. The only issue is whether the CPSC has authority to consider such a petition. If the CPSC has such authority, 21 U.S.C. § 371 clearly mandates the Commission to consider the merits of plaintiff's petition.

3. Furthermore, the passages of legislative history cited by defendants consist of statements made in debate of an amendment to include guns and ammunition within the definition of "consumer product" under the CPSA. *See* 118 Cong.Rec. 31389, 31406 (1972). This amendment was voted upon by only 56 members of the House of Representatives and thus hardly can be considered a clear statement of Congressional intent regarding a different and totally unmentioned Act. *See id.* at 31407.

In 1972 Congress, while passing the Consumer Product Safety Act, established the Consumer Product Safety Commission. 15 U.S.C. § 2053. In the definition of "consumer product" Congress clearly and unambiguously eliminated guns and ammunition from the definition. *Id.* § 2052(a)(1)(E). In the same enactment Congress transferred the authority to administer the FHSA to the CPSC. *Id.* § 2079(a). Congress made no statement indicating that CPSC jurisdiction to administer the FHSA was in any way limited and the FHSA itself contains no limitation of authority to regulate those substances found to be hazardous. Since ammunition previously has been determined to be a hazardous substance, there is no limitation on the CPSC's authority to regulate that substance according to the rules and procedures of the FHSA. Hence, the Commission's action in this case is not in accordance with the law and must be set aside. *See* 5 U.S.C. § 706(2).

Defendants, citing Holy Trinity Church v. United States, 143 U.S. 457, 459, 12 S.Ct. 511, 36 L.Ed. 226 (1892), argue that although full regulation may appear to be within the literal meaning of the statute, it is not within the intent of those who passed the statute. The Court in *Holy Trinity Church* cautioned that the court which deviates from the plain language and meaning of a statute must do so only when "a consideration of the whole legislation, or of the circumstances surrounding its enactment, or of the absurd results which follow from giving such a broad meaning to the words, makes it unreasonable to believe that the legislator intended to include the particular act." *Id.* However, when the court considers the FHSA, it finds no expression of Congressional intent to limit jurisdiction to enforce the Federal Hazardous Substances Act and the court perceives no absurd results which might flow from the CPSC considering and acting upon plaintiff's petition. This Circuit has stated:

> The plain meaning of the words is generally the most persuasive evidence of the intent of the legislature. The plain meaning doctrine must be given application, however hard or unexpected the particular effect, where unambiguous language calls for a logical and sensible result. . . . A contrary course constitutes judicial legislation. District of Columbia Nat'l Bank v. District of Columbia, 121 U.S.App.D.C. 196, 348 F.2d 808, 810 (1965).

If the CPSC, after full consideration of plaintiff's petition, should conclude that access to handgun ammunition must be restricted, that does not appear at odds with any Congressional intent expressed with regards to the FHSA. That Congressional intent expressed in barring CPSC consideration of guns and ammunition as a "consumer product" under the CPSA, is not the type of clear legislative history regarding a totally separate Act which would allow the court to deviate from the plain and literal meaning of the statute. If the Commission remains convinced that Congress would object to the CPSC giving consideration to the merits of plaintiff's petition, the proper course is for the Commission to seek clarification from Congress. Absent such clarification, however, and given the clear and unrestricted language of the FHSA, the 13-year history of exercising jurisdiction over small-arms ammunition, and the broad view of jurisdiction generally given the FHSA, *see* Exhibit E, *supra,* the CPSC has jurisdiction to consider plaintiff's petition. Accordingly, an appropriate declaratory judgment shall issue.

■ Plaintiff also seeks an order directing the CPSC to consider the merits of plaintiff's petition. Under 21 U.S.C. § 371, quoted in part earlier, the Commission must consider the merits of a proposal filed by an interested person and showing reasonable grounds therefor. 21 U.S.C. § 371(e). The court does not understand defendants to argue seriously that plaintiff has failed to call into serious question whether the existing regulation should be altered. Plaintiff candidly admitted on oral hearing that it considers it unlikely that the out-

right ban that is requested will be granted because of the extensive findings that must be made to justify such a ban and because of the degree of discretion vested in the Commission in formulating any such remedy. However, the court agrees with plaintiff that having filed its proposal, it is entitled to be heard on the merits of the proposal. The court need not consider whether due process requires a decision on the merits since the statute, 21 U.S.C. § 371, appears clearly to demand it. Accordingly, the court will order the Commission to commence consideration of plaintiff's petition by publication to interested persons within a reasonable time, not to exceed 60 days from the date of this Memorandum.

Finally, plaintiff seeks to have costs and attorney's fees awarded against defendants. The court shall defer ruling upon either. Plaintiff shall submit a bill of costs within 10 days of this Memorandum. Plaintiff also shall submit a memorandum in support of an award of attorney's fees within 10 days of this Memorandum. Defendants may file appropriate opposition within 10 days of plaintiff's submission. An appropriate judgment accompanies this Memorandum.